UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD H. LYNCH ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-10502-RWZ |
| ) | |
| EDWARD FICCO ) | |
| Respondent. ) | |

### RESPONDENT'S MOTION FOR AN ORDER REQUIRING THE PETITIONER TO COMPLY WITH RULE 2(C) OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED DISTRICT COURTS AND FOR AN ENLARGEMENT OF TIME IN WHICH TO FILE A RESPONSIVE PLEADING

Now comes the Respondent, Edward Ficco, the Superintendent of the Souza-Baranowski Correctional Center, and hereby respectfully moves this Court to enlarge the time in which he must answer or otherwise plead until twenty days after the petitioner files his petition for habeas relief in the form required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The respondent's responsive pleading is currently due on April 12, 2004. The respondent also respectfully moves this Court to order the petitioner to file his petition for habeas relief in the form required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. In support of this motion the respondent states that this is a federal habeas corpus petition, brought pursuant to 28 U.S.C. §2254, from the petitioner's 1995 murder conviction, alleging; (1) the trial judge's instruction on voluntary manslaughter violated the petitioner's federal due process right where the instructions relieved the Commonwealth's burden of proving malice beyond a reasonable doubt; (2) trial counsel was ineffective in failing to call three witnesses on the voluntariness of the petitioner's statement's at the suppression hearing; (3) trial counsel was ineffective in failing to call three witnesses on the voluntariness of

the petitioner's statement's at trial; and (4) trial counsel was ineffective by providing a faulty re-enactment of the petitioner's stabbing of the victim during Lynch's direct examination. *See* Petition at ¶ 12.

The petition for habeas relief currently is not in the form required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Instead, petitioner's counsel has incorporated by reference into his petition a memorandum of law with his petition. This does not satisfy the requirements or underlying purposes of Rule 2(c). According to the Advisory Committee's Notes to Rule 2(c), the form was adopted for purposes of administrative convenience to the court and the petitioner. Based on experience with the use of a form petition, "the use of forms has contributed enough to warrant mandating their use." *Id.* (citing 33 F.R.D. 363, 384). The time-saving consequences of use of the form to the respondent are evident. Use of a standardized form, in which information is provided in numbered paragraphs in the prescribed order, permits both the court and the respondent to ascertain quickly the procedural history of the case, the claims raised, and the factual basis for the alleged claims. Constitutional issues are plainly evident and questions of exhaustion are more easily identified. As such, the respondent currently is hampered in his ability to provide the court with an appropriate answer to the petition.

Under Rule 5 of the Section 2254 Rules, the respondent must admit or deny each averment in the petition. While it may be possible to extrapolate from a memorandum of law the factual averments that may be intermingled with the legal arguments contained therein, without the numbered paragraphs and summary factual bases required by Rule 2(c), preparing such an

answer will be unnecessarily burdensome. Petitioner's counsel has refused to file a petition that would comport with Rule 2(c) absent an order of this Court.

WHEREFORE, the Respondent requests that this Court order the petitioner to file his petition for habeas relief in the form required by Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Additionally, the respondent requests that this Court enlarge the time in which he must answer or otherwise plead until twenty days after the petitioner files his petition for habeas relief in the proper form.

Respectfully submitted,

Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: April 9, 2004

### CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2004, I caused a copy of the above Motion for an Order Requiring the Petitioner To Comply with Rule 2(C) of the Rules Governing Section 2254 Cases in the United States District Court and for an Enlargement of Time in which to File a Responsive Pleading to be served by first-class mail, postage prepaid, upon Mr. Emanuel Howard, *Esq.*, P.O. Box 66067, Newton, Massachusetts 02466-0002.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I, Eva M. Badway, hereby certify that I have complied with Local Rule 7.1 by telephone conference with petitioner's counsel, Mr. Emanuel Howard, on April 8, 2004, in a good faith effort to narrow or resolve the issues raised in this motion.

Eva M. Badway