## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EDWARD H. LYNCH**<br>**Petitioner,**<br><br>**v.**<br><br>**EDWARD FICCO**<br>**Respondent.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **Civil Action No. 04-10502-RWZ** |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the respondent hereby answers the petition for writ of habeas corpus of the petitioner Edward H. Lynch.

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9(a).     Admitted.

9(b).     Admitted.

9(c).     Admitted.  Further answering, the respondent states that the citation is *Commonwealth v. Lynch*, 439 Mass. 532, 789 N.E.2d 1052 (2003).

9(d).     Admitted.

9(e).    Admitted.

9(f).    Denied.  Further answering, the respondent states that the United States Supreme Court denied the petition for certiorari on December 1, 2003.

10.    Admitted.

11(a)(1)-(3).    Admitted.

11(a)(4).    Admitted.

11(a)(5)-(6)    Admitted.

11(b).    Admitted.  Further answering, the respondent states the information provided in petitioner's paragraph 11(b) does not correspond to the information requested in paragraph 11 (b) of the form petition for a writ of habeas corpus.

11(c).    Admitted.  Further answering, the respondent states the information provided in petitioner's paragraph 11(c) does not correspond to the information requested in paragraph 11 (c) of the form petition for a writ of habeas corpus.

12A.    (Ground one). To the extent that paragraph 12A of the petition contains allegations of fact, the respondent states that the state court record speaks for itself.  Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the SJC's elucidation of the facts.  Answering further, the respondent states paragraph 12A contains conclusions of law that require no response.  Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

12B.    (Ground two).   To the extent that paragraph 12B of the petition contains

allegations of fact, the respondent states that the state court record speaks for

itself.  Further answering, the respondent denies each and every allegation of fact

that does not comport exactly with the state court record of the petitioner's

criminal proceedings or the SJC's elucidation of the facts.  Answering further, the

respondent states paragraph 12B contains conclusions of law that require no

response.  Further answering, the respondent states that the petitioner has failed to

state a claim upon which relief can be granted.

12C.    (Ground three).   To the extent that paragraph 12C of the petition contains

allegations of fact, the respondent states that the state court record speaks for

itself.  Further answering, the respondent denies each and every allegation of fact

that does not comport exactly with the state court record of the petitioner's

criminal proceedings or the SJC's elucidation of the facts.  Answering further, the

respondent states paragraph 12C contains conclusions of law that require no

response.  Further answering, the respondent states that the petitioner has failed to

state a claim upon which relief can be granted.

12D.    (Ground four).  To the extent that paragraph 12D of the petition contains

allegations of fact, the respondent states that the state court record speaks for

itself.  Further answering, the respondent denies each and every allegation of fact

that does not comport exactly with the state court record of the petitioner's

3

criminal proceedings or the SJC's elucidation of the facts.  Answering further, the respondent states paragraph 12D contains conclusions of law that require no response.  Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted.

13.  Admitted.

14.  The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 and calls upon the petitioner to prove same.

15.  Admitted.

16.  Admitted.

17.  The respondent states that he lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same.

Pursuant to Rule 5,  Respondent's Supplemental Materials are filed herewith, containing the following documents:

1.  Docket entries, *Commonwealth v. Lynch*, PLCR1993-93579.

2.  Petitioner's Motion for New Trial, *Commonwealth v. Lynch*, PLCR1993-93579.

3.  Commonwealth's Opposition to Petitioner's Motion for New Trial, *Commonwealth v. Lynch*, PLCR1993-93579.

4.  Memorandum and Order on Petitioner's Post-Trial Motions, *Commonwealth v. Lynch*, PLCR1993-93579.

4

5. Defendant-Appellant's Brief and Record Appendix on Appeal, SJC No. 07492, April, 2001.

6. Defendant's-Appellant's Supplemental Brief and Record Appendix on Appeal, Relating to Motion for Funds on Remand and Associated Issues,  SJC No. 07492, October, 2002.                    .

7. Defendant-Appellant's Reply Brief, SJC No. 07492, December, 2002.

8. Commonwealth's Brief and Appendix on Appeal, SJC No. 07492, October 2001.

9. Commonwealth's Supplemental Brief on Appeal, SJC No. 07492, November 2002.

10. *Commonwealth v. Lynch*, 439 Mass. 532, 789 N.E.2d 1052 (2003).

11. Defendant-Appellant's Petition for Re-Hearing, SJC No. 07492, June, 2003.

12. *Commonwealth v. Lynch*, Notice of Denial of Petition for Rehearing, July 23, 2003.

13. Docket Entries, *Commonwealth v. Lynch*, SJC-07492.

14. *Lynch v. Commonwealth*, U.S. Supreme Court Docket, 03-6782.

The transcripts of the state court proceedings are also enclosed.

### First Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

## Second Defense

The petition should be denied because the decision of the state court was not contrary to, or involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  *See* 28 U.S.C. § 2254(d)(1).

## Third  Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of the correctness of those facts by clear and convincing evidence.  *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

## Fourth Defense

The petitioner's conviction rests on an adequate and independent state law ground.

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: May 12, 2004

6

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2004, I caused a copy of the above <u>Answer</u> to be served by first-class mail, postage prepaid, upon Mr. Emanuel Howard, *Esq.*, P.O. Box 66067, Newton, Massachusetts 02466-0002.

Eva M. Badway



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

May 12, 2004

Mr. Anthony Anastas, Clerk
United States District Court
District of Massachusetts
One Courthouse Way
Boston, Massachusetts 02210

RE:    **Edward H. Lynch v. Edward Ficco**,
       U.S.D.C. Civil Action No. 04-10502-RWZ

Dear Mr. Anastas:

Enclosed for filing in the above-referenced case is Respondent's Answer, Supplemental Answer, Motion for a Scheduling Order, the state court transcripts and Certificates of Service.

Thank you for your assistance.

Sincerely,

Eva M. Badway
Assistant Attorney General
(617) 727-2200, ext 2824

Enclosures

cc: Mr. Emanuel Howard, *Esq.*