**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No. 04-10502-RWZ

EDWARD H. LYNCH JR.,
    Petitioner

v.

EDWARD FICCO,
    Respondent.

## PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTIONS TO CONDUCT DISCOVERY AND FOR AN EVIDENTIARY HEARING

The petitioner hereby replies to respondent's opposition to his requests for discovery and for an evidentiary hearing, and gives reasons why the requests should be granted.

1. He incorporates herein PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS, AND MEMORANDUM IN SUPPORT OF PETITION (Pet. Reply I).

2. Respondents misapprehend the concept of "good cause" and also misapprehend the meaning of the phrase, "has failed to develop" in 28 U.S.C. § 2254(e)(2). The correct meaning of that statutory phrase is set forth in *(Michael) Williams v. Taylor*, 529 U.S. 420 (2000). See Pet. Reply I, at 63. In Pet. Reply I, petitioner has established "good cause" with specific allegations as to the facts which if fully developed would entitle him to relief.

3. Respondents misapprehend the law on the determinations of factual issues which qualify for a presumption of correctness under 28 U.S.C. § 2254(e)(1).

(a) Petitioner requested an evidentiary hearing so that he could prove ineffective assistance of counsel claims he raised in his petition. Although the presumption of correctness may apply to state court findings of fact made in the course of resolving claims of ineffective assistance of counsel, it does not apply to state court conclusions regarding claims of ineffective assistance. See *Strickland v. Washington*, 466 U.S. 668, 698 (1984) (within ineffective assistance of counsel claim, issues of counsel's performance and defendant's prejudice are mixed questions of law and fact not entitled to presumption of correctness). "Ineffectiveness is not a question of 'basic, primary, or historical fac[t]', *Townsend v. Sain*, 372 U.S. 293, 309, n. 6.... (1963)." *Strickland, id.* See, e. g., *Curtis v. Duval*, 124 F.3d 1, 3 (1st Cir. 1997) (ineffective assistance of counsel claims presents mixed questions of law and fact not entitled to presumption of correctness).

(b) There is no doubt of this: neither the state trial judge nor any other state court held any evidentiary hearings on the claims petitioner has asserted in his petition.

(c) If respondent is suggesting that a presumption of correctness does apply to a particular state court purported finding of fact that qualifies for the presumption, he does not identify it. Any purported "factual findings" of the Massachusetts courts were not made in accordance with the case law discussed in Pet. Reply I, at 8.

(d) In a recent opinion, the Ninth Circuit discussed the challenges to state court findings pursuant to the "unreasonable determination" standard. After discussing several examples, the court said,

> Closely related to cases where the state courts make factual findings infected by substantive legal error are those where the fact-finding process itself is defective. <u>If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an "unreasonable determination" of the facts.</u> *See, e.g., Weaver* [*v. Thompson*], 197 F.3d [359 (9th Cir. 1999) ] at 363; *Nunes* [*v. Mueller*], 350 F.3d [1045 (9th Cir. 2003) ] at 1055; *cf. Bryan v. Mullin*, 335 F.3d 1207, 1215-16 (10th Cir.2003) (declining to apply presumption where state court failed to hold an evidentiary hearing). *But see Valdez* [*v. Cockrell*], 274 F.3d [941 (5th Cir. 2001) ]at 948-50 (sections 2254(d)(2) and (e)(1) apply despite <u>defects</u> in the state-court hearing).

*Taylor v. Maddox*, 366 F.3d 992, 1000-1001 (9th Cir. 2004) (emphasis supplied). And note that even in the "[b]ut see" *Valdez* case cited in *Taylor v. Maddox*, the "state habeas court" gave Valdez a two day hearing. "At this hearing, Valdez presented evidence of his ineffective assistance of counsel claim.... [T]he state

3

habeas court held a final hearing on the proposed findings. During that hearing, counsel for Valdez and the State presented lengthy arguments as to those findings. One month later, the state habeas court <u>issued findings of fact</u> and law denying Valdez relief." *Valdez v. Cockrell* 274 F.3d at 943 (emphasis supplied). The United States District Court for the Southern District of Texas granted Valdez an evidentiary hearing "because the state habeas court lost the exhibits admitted into evidence during the hearing, and, as a result, excluded those exhibits from its resolution of Valdez's case." *Id.* at 944. Nowhere does the *Valdez* majority criticize the federal district court just for holding its own evidentiary hearing.[1]

(c) Petitioner has been unable to find, nor has respondent cited, any case on determinations of factual issues which qualify for a presumption of correctness under 28 U.S.C. § 2254(e)(1), where those determinations that <u>were actually</u> held to qualify were <u>not</u> "basic, primary, or historical facts: facts in the sense of a recital of

---

[1] In the context of requesting an evidentiary hearing for an opportunity to present evidence to support his claims, and in arguing that the Massachusetts courts did not make determinations of factual issues which qualify for a presumption of correctness, petitioner points to a recent Supreme Court opinion which requires that the reliability of a testimonial-type hearsay statement must not be assessed in any other way than "by testing it in the crucible of cross-examination." *Crawford v. Washington*, ____U.S. _____, 124 S. Ct. 1354, 1370 (2004). Adapting the words of Scalia, J., writing for the seven-justice majority, petitioner says that: "Dispensing with [an evidentiary hearing to determine the factual issues relating to petitioner's claims] because [a state court's mere pronouncement on the issues are presumptively correct] is akin to dispensing with a jury trial because a defendant is obviously guilty." *Id.* at 1371.

external events and the credibility of their narrators. *Townsend v. Sain*, 372 U.S. 293, 309 n. 6, 83 ... (1963) ...." (as quoted in *Bryson v. Ward* 187 F.3d 1193, 1211(10th Cir. 1999) (internal citations and quotation marks omitted).

## **CONCLUSION**

Based upon the foregoing argument, the petitioner's motion for discovery and request for evidentiary hearing should be granted. Petitioner also requests such other or further relief as to this court is meet and just under the circumstances.


Respectfully submitted,

EDWARD H. LYNCH JR., by his attorney

_____ 7/30/2004
Emanuel Howard, BBO No. 241740
P.O. Box 66067
Newton, MA 02466-0002
TEL. (617) 965-4042;  FAX (617) 965-3793

5

## CERTIFICATE OF SERVICE

I hereby certify that, on the date written below, I served a copy of the within document on respondent by sending it via first class mail, postage prepaid, to his counsel of record:

Eva M. Badway
Assistant Attorney General
Criminal Bureau
Commonwealth of Massachusetts,
Office of the Attorney General;
One Ashburton Place
Boston, MA  02108

_[signature]_  7/30/2004

Lynch Reply to Resp. Opp. Mot. Discover & Req. Evid. Hrg. July 2004