UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD H. LYNCH<br>Petitioner,<br><br>v.<br><br>EDWARD FICCO<br>Respondent. | Civil Action No. 04-10502-RWZ |

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTIONS TO CONDUCT DISCOVERY AND FOR AN EVIDENTIARY HEARING

Now comes the respondent, through counsel, in the above-entitled habeas corpus action and hereby opposes the petitioner's motions requesting this Court to permit him to conduct discovery and for an evidentiary hearing. As grounds therefor, the respondent states that the petitioner has failed to establish "good cause" for this Court to exercise its discretion to order discovery. *See* Rule 6(a) of the Rules Governing § 2254 cases. Furthermore, the petitioner is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).

### PRIOR PROCEEDINGS

On January 26, 1993, a Plymouth County grand jury returned an indictment charging the petitioner with murder in the first degree. *See* Respondent's Supplemental Appendix ("R.S.A."), Ex. 1 at p. 1. On February 23, 1995, after a jury trial before Massachusetts Superior Court Judge Stephen E. Neel, the petitioner was found guilty and sentenced to life in prison. *Id.* The petitioner timely appealed and on December 30, 1997, the petitioner filed a motion for new trial in Plymouth Superior Court asserting that he was deprived the effective assistance of counsel because his trial counsel (1) failed to call additional witnesses in a motion to suppress hearing who would have bolstered the testimony of the petitioner's other witnesses and would have

helped the petitioner to suppress those statements used against him at trial; (2) failed to call those same witnesses at trial; (3) failed to object to the prosecution's witness wearing sunglasses during his testimony; (4) failed to object to, move to strike, or seek limiting instruction on the prosecutor's questions to, and answers from the petitioner's expert pharmacologist; and (5) provided a faulty re-enactment of the petitioner's stabbing of the victim during Lynch's direct examination. See R.S.A., Ex. 2. Additionally, the petitioner claimed that the memorial buttons worn by the victim's family in the courthouse constituted an extraneous influence and unduly prejudiced the jury. Id. The petitioner also filed a motion for funds and a motion after discharge of jury pursuant to Rule 25(b)(2). See R.S.A., Ex. 1, sheet 3. On April 14, 2000, Judge Neel denied the petitioner's motion for new trial, his motion for funds, and motion after discharge of jury pursuant to Rule 25(b)(2). See R.S.A., Ex. 1, sheet 4 and Ex. 4.

In his consolidated appeal to the Massachusetts Supreme Judicial Court ("SJC"), the petitioner raised the following claims: (1) trial counsel was ineffective in failing to call three witnesses on the voluntariness of the petitioner's statements; (2) the trial judge improperly denied the petitioner's request for a post-conviction inquiry to determine whether any juror saw and was influenced by memorial buttons worn by family members of the victim in the courthouse; (3) the petitioner's right of confrontation was denied when a witness for the prosecution wore sunglasses during his testimony; (4) trial counsel was ineffective for failing to object to the cross-examination of the defense expert; (5) trial counsel was ineffective by providing a faulty re-enactment of the petitioner's stabbing of the victim during Lynch's direct examination; (6) the trial judge improperly denied the petitioner's motion for funds; (7) the trial judge's instruction on voluntary manslaughter created a substantial risk of a likelihood of a

miscarriage of justice where the instructions created confusion and mislead the jury on the burden of proof; and (8) the trial record, along with the combined previously claimed errors, requires a reduction of the verdict pursuant to G.L. c. 278, § 33E. *See* R.S.A., Ex. 5. On June 12, 2003, the SJC affirmed both the petitioner's conviction and the orders denying the motions for new trial, for funds, and for a reduced verdict. *See* R.S.A., Ex. 10, *Commonwealth v. Lynch*, 439 Mass. 532, 789 N.E. 2d 1052 (2003).

On March 10, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 claiming: (1) the trial judge's instruction on voluntary manslaughter violated the petitioner's federal due process right where the instructions relieved the Commonwealth's burden of proving malice beyond a reasonable doubt; (2) trial counsel was ineffective in failing to call three witnesses on the voluntariness of the petitioner's statements both at the suppression hearing and at trial; and (3) trial counsel was ineffective by providing a faulty re-enactment of the petitioner's stabbing of the victim during Lynch's direct examination. *See* Petition at ¶ 12. The petitioner also requested that this Court allow him to conduct discovery and to expand the record relating to issues raised by this petition and to hold an evidentiary hearing. *See* Petition at p. 9-10. On June 16, 2004, the respondent filed a memorandum of law in opposition to the petition for habeas corpus. On July 19, 2004, the petitioner filed a reply to respondent's opposition to the petition for a writ of habeas corpus and a memorandum in support of the petition. In his memorandum the petitioner further developed his request for discovery and to hold an evidentiary hearing. The petitioner also filed an *ex parte* motion for disbursement of funds to authorize counsel to obtain necessary services. *See* Docket

Entry No. 17. The respondent now files this memorandum in opposition to the petitioner's request for discovery and an evidentiary hearing. The respondent also opposes the petitioner's *ex parte* motion for disbursement of funds to authorize counsel to obtain necessary services.

## ARGUMENT

### I. THE PETITIONER IS NOT ENTITLED TO OBTAIN DISCOVERY WHERE HE HAS FAILED TO SATISFY THE REQUIREMENT OF DEMONSTRATING "GOOD CAUSE" FOR DISCOVERY.

In the habeas corpus forum, unlike the ordinary civil arena, a petitioner is not entitled to discovery as a matter of course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Harris v. Nelson*, 394 U.S. 286, 295 (1969). Rather, a petitioner is subject to the strict requirements set forth in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See also Gilday v. Callahan*, 99 F.R.D. 308, 308-09 (D. Mass. 1983) (Alexander, M.J.) (liberal standard for discovery in Rule 26 "severely curtailed" in habeas cases).

To establish "good cause" a petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle the petitioner to relief. *Harris*, 394 U.S. at 300. Good cause does not exist where the petitioner through his discovery requests seeks to relitigate factual issues that have already been conclusively resolved by the state courts. *Gilday*, 99 F.R.D. at 309 (refusing to permit deposition of co-defendant who allegedly perjured himself in exchange for lenient sentence "[b]ecause the fact the petitioner seeks to dispute have already been resolved by the state court"); 28 U.S.C. § 2254(e)(1)(presumption of correctness). Nor

4

does good cause exist where the grounds relied upon in support of the petitioner's discovery request are wholly speculative and conclusory. *See Bracy*, 520 U.S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy v. Johnson*, 205 F. 3d 809, 813-815 (5th Cir.) (denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation), *cert. denied*, 531 U.S. 957 (2000).

Good cause within the meaning of Habeas Rule 6(a) does not exist where, as here, the state court has already found facts contrary to the discovery the petitioner seeks and the petitioner has not contradicted those findings with any specific allegations. *See Harris*, 394 U.S. at 300 (to establish "good cause" under Habeas Rule 6(a) the petitioner must come forward with "specific allegations" as to the facts, which if fully developed, would entitle petitioner to relief).

Discovery is not warranted for this petitioner who merely seeks to contradict, without any record support whatsoever, the presumptively correct factual findings of the state courts. *See Bracy*, 520 U. S. at 908-909 (finding "good cause" permitting discovery but emphasizing that the petitioner made detailed, specific allegations supported by extensive record evidence). The petitioner provides no support for his request for discovery. The petitioner was obligated, and had ample opportunity, to develop a factual basis for his claims in his state court proceedings, and his failure to do so does not render this Court an appropriate forum for taking discovery. Habeas petitioners seeking discovery must make specific averments, citing record evidence and establishing a *prima facie* case of a constitutional violation requiring habeas relief. *See Bracy*, 520 U. S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy*, 205 F. 3d at 813-815 (denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation). This the petitioner has not done; instead, he has merely reasserted his claims

5

and now seeks to develop his claims from scratch. Rule 6 prohibits him from doing so. Rule 6 does not permit the petitioner to conduct a "fishing expedition." See *Murphy v. Johnson*, 205 F. 3d at 814 ("Simply put, Rule 6 does not authorize fishing expeditions."). If conclusory allegations in search of supporting facts constituted "good cause" under Rule 6, the full panoply of discovery procedures set forth in the Civil Rules would be available to any habeas petitioner, a result inimical to the plain language of Rule 6 and its historical antecedents. The motion for discovery and the *ex parte* motion for the disbursement of funds to authorize counsel to obtain necessary services must therefore be denied.

## II. THE PETITIONER IS NOT ENTITLED TO AN EVIDENTIARY HEARING.

Pursuant to 28 U.S.C. § 2254(e)(2),

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>
> (A) the claim relies on --
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). The petitioner tried and failed to failed to develop the factual basis for his ineffective assistance of counsel claim in state court. As the SJC explained,

> First, the affidavit of appellate counsel as to what Dr. Kiley and Kimberly would have testified is inadmissible hearsay, and the motion judge acted well within his discretion in concluding that it failed "to present facts or make supportable sworn offers of proof of expected evidence sufficient to require a new trial." See *Commonwealth v. Francis*, 432

6

> Mass. 353, 372, 734 N.E.2d 315 (2000). Second, with respect to Dr. Kiley, his written evaluation of Lynch's condition on January 5, 1993, belies the assertions in appellate counsel's affidavit. Dr. Kiley categorized Lynch as "alert," with "moderate" anxiety, a "normal" rate of speech, "connected" thought processes, "unimpaired" concentration, and "unimpaired" reality testing. The evaluation noted that Lynch exhibited "some body tremors," but made no mention of suspected alcohol withdrawal. From this evaluation, it would have appeared to trial counsel that had Dr. Kiley been called to testify at the hearing his testimony would have been favorable to the Commonwealth on the question of Lynch's ability to think and communicate clearly, and not favorable to Lynch. Third, the testimony of Kimberly, assuming she was available to counsel and would have testified as appellate counsel claims, would have been cumulative of the testimony of Donald Podzka and Patricia MacDonald.
>
> In sum, Lynch has failed to meet his burden of demonstrating that trial counsel's decision not to call these additional witnesses was manifestly unreasonable or created a substantial likelihood of a miscarriage of justice. (FN2)[1]

See Supp. Ans., Ex. 10, *Commonwealth v. Lynch*, 439 Mass. at 537-539, 789 N.E.2d at 1056-57.

As such, section 2254(e)(2) applies to preclude an evidentiary hearing in this habeas forum unless petitioner can meet the exceptions. Petitioner cannot dispute that he had ample opportunity in state court to develop the facts he now wishes to pursue in an evidentiary hearing in federal court.

The petitioner's claim does not rely upon a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2254(e)(2)(A)(I). To the contrary, the right to the effective assistance of trial counsel has been long established. Furthermore, the petitioner

---

[1] In footnote 2, the SJC stated: " It is significant that no affidavit from trial counsel was submitted in connection with Lynch's motion for a new trial. *Commonwealth v. Serino*, 436 Mass. 408, 415-416, 765 N.E.2d 237 (2002) (affirming denial of motion for new trial based on claim of ineffective assistance of counsel where motion was not supported by affidavit of trial counsel); *Commonwealth v. Vasquez*, 55 Mass.App.Ct. 523, 533-534, 772 N.E.2d 60 (2002) (affirming denial of motion for new trial, and noting conspicuous absence of affidavit from trial counsel in support of motion); *Commonwealth v. Savage*, 51 Mass.App.Ct. 500, 505 n. 6, 746 N.E.2d 1029 (2001) (same)."

cannot claim that he is relying upon a "factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii). Finally, the petitioner cannot demonstrate that any facts he would develop at an evidentiary hearing would be such that "no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). The petitioner's request for an evidentiary hearing must be denied.

## CONCLUSION

For the reasons set forth above, this Court should deny the petitioner's motions for discovery and for an evidentiary hearing, along with his *ex parte* motion for the disbursement of funds to authorize counsel to obtain necessary services.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: July 22, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2004, I caused a copy of the above <u>Opposition to Petitioner's Motions For Discovery and An Evidentiary Hearing</u> to be served by first-class mail, postage prepaid, upon Mr. Emanuel Howard, *Esq.*, P.O. Box 66067, Newton, Massachusetts 02466-0002.

Eva M. Badway