UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10502-RWZ

EDWARD LYNCH

v.

EDWARD FICCO

MEMORANDUM OF DECISION

December 16, 2004

ZOBEL, D.J.,

On February 23, 1995, a jury convicted petitioner Edward Lynch of first degree murder on theories of deliberate premeditation and extreme atrocity or cruelty. He then filed motions for a new trial, for funds to conduct post-conviction discovery and investigations, and for a reduced verdict, all of which were denied by the trial judge. He appealed the denials which were consolidated with his direct appeal. The Massachusetts Supreme Judicial Court ("SJC") affirmed his conviction and the denials of his motions. Commonwealth v. Lynch, 789 N.E.2d 1052 (Mass. 2003).

Petitioner then filed a 38-page petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the following two grounds:[1] (1) the state court violated his due process rights by allowing the conviction even though several of the jury instructions negated the element of malice – a necessary element of murder; and (2) he was deprived of effective assistance of counsel because his attorney (a) failed to call one or

---

[1] The petition states that there are four grounds. However, the last three grounds are variations on a claim for ineffective assistance of counsel.

more witnesses to the suppression hearing, (b) failed to call those same witnesses to trial, and (c) failed to rehearse with petitioner the in-court reenactment of his struggle with the decedent. The matter is before me for decision on the merits.

To prevail on his habeas petition, petitioner must show not only a violation of his due process rights and ineffective assistance of counsel, but also that "the SJC's adjudication of his constitutional claims 'resulted in a decision that was contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Mello v. DiPaulo, 295 F.3d 137, 142 (1st Cir. 2002), quoting 28 U.S.C. § 2254(d)(1).

In ground one, petitioner claims that the trial judge incorrectly instructed the jury by stating that the Commonwealth has the burden of proving mitigating factors such as heat of passion resulting from reasonable provocation, rather than explaining that it has the burden of proving the *absence* of mitigating factors. Pet. at 14. However, petitioner's failure to raise this objection at trial "as required by a state contemporaneous objection rule constitutes an 'independent and adequate state ground' sufficient to foreclose federal habeas corpus review of the alleged error." Ortiz v. DuBois, 19 F.3d 708, 714 (1st Cir. 1994)(citation omitted). To avoid the effect of this procedural default, petitioner must show cause for and prejudice from his failure to object. Id. To establish prejudice, he must show that the error put him at an actual and substantial disadvantage and infected "his entire trial with error of constitutional dimensions." Id. (citation and quotation marks omitted). Petitioner contends that the "trial judge's irreconcilable instructions raise the reasonable likelihood that the jury" heeded the incorrect instructions. Pet. at 18. He speculates that they could have relied

on the last set of instructions they received, which were erroneous, or that they could have cancelled out the correct instructions with the incorrect ones. His conjectures are insufficient to establish that his entire trial was tainted with constitutional error. Therefore, ground one of the petition is denied.

To establish an ineffective assistance of counsel claim, petitioner must show that: (1) his attorney's error was so serious that he was not acting as "counsel" guaranteed under the Sixth Amendment, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). More specifically, he must show that his attorney's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694. Judicial review of counsel's performance is deferential and there is a strong presumption that counsel gave adequate assistance and exercised reasonable professional judgment. Id. at 690-91.

Petitioner claims his counsel was ineffective because he failed to call three witnesses to the suppression hearing and to the trial. The witnesses were John Hoey, a staff writer for a Brockton paper, Dr. Cornelius Kiley, and Kimberly (last name unknown), the daughter of one of his drinking friends. After reviewing Mr. Hoey's affidavit, which stated that he would have testified as to what other people said at the arraignment, the SJC found that his testimony would have been inadmissible as hearsay. Lynch, 789 N.E.2d at 1057. Petitioner contends that Mr. Hoey's statements are admissible under the business record exception to the hearsay rule. However, the business record exception requires that Mr. Hoey show that "all persons in the chain of

communication, from the observer to the preparer, reported the information as a matter of business duty or business routine." Wingate v. Emery Air Freight Corp., 432 N.E.2d 474, 478 (Mass. 1982). Here, Mr. Hoey has not done so, and it is not likely that he ever could. Petitioner also contends that Mr. Hoey's statements fall under the past recollections recorded exception. But that exception does not apply here because Mr. Hoey's written statements are not based on his own firsthand knowledge, but that of others. Commonwealth v. Campbell, 800 N.E.2d 1055, 1061 (Mass. App. Ct. 2003).

      Petitioner's appellate counsel then presented his own affidavit, in which he claimed that Dr. Kiley, the court psychiatrist who interviewed petitioner on the day of his arraignment, would have testified that he was suffering from alcohol withdrawal at that time, and Kimberly would have testified that petitioner had been drinking and was "ossified" when she stopped by the place where he was drinking four or five hours before his arrest and subsequent statements. Lynch, 789 N.E.2d at 1057. The SJC ruled that: (1) the counsel's affidavit was inadmissible hearsay, (2) that Dr. Kiley's written evaluation did not support counsel's assertions because he characterized petitioner as "'alert,' with 'moderate' anxiety, a 'normal' rate of speech, 'connected' thought processes, 'unimpaired' concentration, and 'unimpaired' reality testing[,]" and (3) that Kimberly's testimony would have been cumulative of the testimony of petitioner's drinking friends. Id. at 1057-58. Petitioner does not address the inadmissibility of his appellate counsel's affidavit and merely states that he "has gone as far as possible to show that he could produce admissible evidence. . . through undersigned counsel's affidavit[.]". Pet. at 30. He also speculates as to the "invaluable" effect of Kimberly's testimony in providing a credible basis for the opinion of petitioner's

4

expert, Dr. Lukes, which was rejected by the judge. Reply at 33. He contends that the testimony of Dr. Kiley[2] and Mr. Hoey's newspaper articles would have helped shore up Dr. Lukes' opinion, which, in turn, would have allowed for the suppression of petitioner's custodial statements. Petitioner further conjectures that if his custodial statements were suppressed, "there might have been no need to have him testify, have him describe the June 5-6, 1992 events, have him give a demonstration of his struggle with [the decedent], be subjected to impeachment by his own counsel, and be subjected to cross-examination[,]" and the course of the trial would have been changed. Reply at 38, 40-41. However, this is all speculation and relies on a tenuous chain of events. Even if the testimony at issue were admissible, it is not so persuasive that the trial judge necessarily would have been compelled to accept Dr. Lukes' opinion, and on that basis, would have suppressed petitioner's custodial statements, which, in turn, would have mandated a different trial result. Thus far, petitioner has not established that his counsel was ineffective, nor that the SJC wrongly or unreasonably applied federal law.

In petitioner's final attempt to establish ineffective assistance of counsel, he asserts that his attorney failed to rehearse an in-court reenactment of the struggle between petitioner and the decedent. More specifically, petitioner states that his attorney is at least a foot taller than the decedent and the demonstration was therefore awkward, which allowed the prosecutor to diminish petitioner's credibility and his self-defense theory. Pet.'s Reply at 51. The SJC substantially deferred to the trial judge,

---

[2] Petitioner contends that Dr. Kiley would have testified that petitioner looked hung over, and was going through alcohol withdrawal. Reply at 35-36. However, Dr. Kiley did not provide an affidavit of his purported testimony.

5

who saw the reenactment and heard the post-trial motions, and found that the decision to reenact the struggle was not "manifestly unreasonable" and "was a valid tactical decision." Lynch, 789 N.E.2d at 1059. Petitioner asserts that "[a]n accurate demonstration of how the struggle between the [petitioner] and [the decedent] unfolded and their relative positions might have been helpful in raising reasonable doubt on the murder charge." Pet.'s Reply at 53. The possibility of raising reasonable doubt does not suffice to establish that counsel was ineffective.

Accordingly, the petition is denied.


December 16, 2004
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE