UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10502-RWZ

EDWARD LYNCH

v.

EDWARD FICCO

MEMORANDUM OF DECISION

July 12, 2005

ZOBEL, D.J.

Petitioner Edward Lynch has filed a motion for reconsideration of this Court's decision denying his habeas corpus petition. To the extent that petitioner contends that the Court erred by not addressing his argument of ineffective assistance of counsel for failure to object to erroneous jury instructions as detailed in his Reply and Memorandum in Support of Petition ("Reply"), the assertion fails. First, that particular ineffective assistance of counsel claim was not presented in the original habeas corpus petition filed in this Court. Second, the argument is unexhausted and, therefore, not properly before this Court.

In order to exhaust a claim, petitioner must "inform the state court of both the factual and legal underpinnings of the claim." Scarpa v. Du Bois, 38 F.3d 1, 6 (1st Cir. 1994). The test is whether petitioner's presentation of the claim would have alerted the reasonable jurist to the federal nature of the claim. Id. Factors likely to put a reasonable jurist on notice of the claim include: 1) citation to a Constitutional provision, 2) presentation of the substance of the federal Constitutional claim sufficient to alert the

state court of the claim's federal nature, 3) reliance on federal Constitutional precedent, and 4) allegation of a particular right guaranteed by the federal Constitution.  Id.

Petitioner asserts that he presented the SJC with the opportunity to review his erroneous jury instruction claim in two ways: 1) as an ineffective assistance of counsel claim, and 2) as a substantial likelihood of a miscarriage of justice, but that the SJC only discussed the latter argument.  Reply at 24.  In his brief to the SJC, petitioner describes the erroneous jury instructions and argues that the judge confused and misled the jury.  The only mention of his counsel comes at the end of the section: ". . . an ordinary fallible lawyer should have objected [to the erroneous jury instructions] and corrected the judge.  This failure amounted to ineffective assistance of counsel, and created a substantial likelihood of miscarriage of justice."  Respondent's Supp. Answer, Exh. 5 at 46-47.  Petitioner's mere allegation of ineffective assistance of counsel without further explanation is insufficient to put the SJC on notice of the claim, and in fact, did not put the SJC on notice.  See Omosefunmi, 152 F. Supp. 2d 42, 54 (D. Mass. 2001).

Petitioner then reiterates the same arguments concerning the other grounds that were earlier rejected by the Court.  They are similarly unsuccessful now.

The motion for reconsideration is denied.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |