UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-10502-RWZ

**EDWARD H. LYNCH JR.,**
Petitioner

v.

**EDWARD FICCO, et al,**
Respondents

**PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY**

Edward H. Lynch Jr., Petitioner in the above named case, hereby applies for a Certificate of Appealability (COA), 28 U.S.C. § 2253, with respect to the following ground in his 28 U.S.C. §2254 petition.

**A. Ground one**:  Given that malice was an element of murder, and the trial judge told the jury that all instructions were equally important, the state court violated federal due process by allowing the murder conviction even though several renditions of irreconcilable instructions regarding factors negating malice effectively relieved the Commonwealth of the burden of proving malice beyond a reasonable doubt. (Direct appeal, issue no. 8)

**I.  STANDARD FOR GRANTING A COA**.  In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court sets forth the standard. A petitioner must "sho [w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 484 (internal quotation marks and citations

omitted). The Supreme Court expounded on that standard in a more recent case, *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

> This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it…. To that end, our opinion in *Slack* held that a COA does not require a showing that the appeal will succeed….It is consistent with §2253 that a COA will issue in some instances where there is no certainty of ultimate relief….We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Id.* 537 U.S. at 336-338 (internal quotation marks and citations omitted).

Both *Slack* and *Miller-El* were based upon the standard set forth in *Barefoot v. Estelle*, 436 U.S. 880 (1983). *Miller-El*, 537 U.S. 336-338. As will be shown in part II, *post*, petitioner's argument for granting the COA finds direct support in precedents of the Supreme Court. Petitioner, therefore, would be entitled to a COA under the *Barefoot* standard. *Lozada v. Deeds*, 498 U.S. 430 (1991) (per curiam).

**II. REASONS FOR GRANTING THE COA AS TO GROUND ONE**. The COA should be granted as to this ground because the trial court's error violated federal due process by allowing the murder conviction even though several renditions of irreconcilable instructions regarding factors negating malice effectively relieved the Commonwealth of the burden of proving malice beyond a reasonable doubt. The petitioner presented this claim to the SJC as an ineffective assistance of counsel assertion in the

context of the standard under which it should review the underlying due process claim on the instructional errors. In his brief to the SJC, Respondent's Supp. Answer, Ex. 5 at 46-47, petitioner asserted: "This failure [to object where the "correct formula" for the mitigating instructions was stated in a SJC opinion six years before the trial] <u>amounted to ineffective assistance of counsel</u>, and created a substantial likelihood of miscarriage of justice. <u>See L.S. 1 and 2</u>." (Emphasis supplied.) Petitioner presented the significance of the "L.S." references in a footnote earlier in the brief, accompanying the text where he first made an ineffective assistance of counsel assertion on another appellate issue. Respondent's Supp. Answer, Ex. 5 at 24, n.18. The "L.S." designation referred to "standards and statements on the law" that applied to many issues in the brief, which were incorporated by reference and set forth in the addendum to the brief. In particular, a portion of L.S. 1 covers the federal standards and statements on ineffective assistance of counsel. That portion of L.S. 1 states:

> *Strickland v. Washington,* 466 U. S. 668 (1984) states the two components of the Federal test under the Sixth and Fourteenth Amendments to the United States Constitution. First, a "defendant must show that counsel's representation fell below an objective standard of reasonableness," which is measured, in part, according to prevailing professional norms. *Id.* 687-688. Second, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. 694.* "[T]he type of breakdown in the adversarial process that implicates the Sixth Amendment is not limited to counsel's

> performance as a whole-- specific errors and omissions may be the focus of a claim of ineffective assistance of counsel as well." *United States v. Cronic,* 466 U.S. 648, 657 (1984), citing *Strickland v. Washington, supra.* 693-696.

Respondent's Supp. Answer, Ex. 5 at 64.

This portion of L.S. 1 was certainly sufficient to put the SJC on notice of the federal aspect of the ineffective assistance of counsel reason to excuse any "waiver" for trial counsel's failure to make a contemporaneous objection to the underlying instructional errors.

In considering this ground in the petition, ineffective assistance of counsel provides a "cause and prejudice" excuse for not preserving the issue at the trial court level. Ineffective assistance of counsel in a constitutional sense is accepted as a "cause" excusing a procedural default. *Coleman v. Thompson,* 501 U.S. 722, 750-752 (1991); *Murray v. Carrier,* 477 U.S. 478, 488 (1986), and must, as here, have been fairly presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446, 450-454 (2000). Petitioner knows of no Supreme Court or U.S. Court of Appeals decision holding that the excuse must be mentioned in the original habeas petition under the circumstances.

As to prejudice, there is no question that the trial evidence required the giving of clear and correct instructions on mitigating circumstances negating malice, which would then warrant a conviction of manslaughter rather than a conviction of murder. Put another way, there was a real potential that a juror could have reasonable doubt on the murder charge if correctly instructed. There is also no question of

what the trial judge said and no question that he made errors in giving those instructions. The SJC took the words the judge spoke and fairly wriggled (one might say rationalized them away) in coming to a <u>legal conclusion</u> (not a factual finding) that the errors were not likely to have influenced the jury's conclusion. The SJC's legal conclusion was not based on the *Strickland* test, and is open to de novo scrutiny in federal habeas corpus proceedings. *Watkins v. Murphy*, 292 F.3d 70, 75-76 (1st Cir. 2002). And as to the *Strickland* test, a showing of prejudice does not require evidence sufficient to move an entire jury panel, only one of twelve members. *Wiggins v. Smith* 539 U.S. 510, 537 (2003) (reasonable probability that at least one juror would have come to different conclusion had trial counsel's performance not fallen below an objective standard of reasonableness).

    A timely objection at trial would have given the judge an opportunity to forcibly correct the errors, thus substantially improving the chances of a manslaughter conviction, rather than a murder conviction. Had counsel timely objected on due process grounds and the trial judge failed or refused to correct the errors, the SJC would have had the issue on review under the "harmless beyond a reasonable doubt" standard. *Chapman v. California*, 386 U.S. 18, 24 (1967). Because there were so many inversions and contradictions, and the trial judge told the jury that all of his instructions were equal and were to be followed, it would be impossible to tell which of those instructions the jury actually

followed. Applying the *Chapman* standard to constitutional errors of this sort, the SJC would have found reversible error on due process grounds, because the Commonwealth could not prove beyond a reasonable doubt that the error was harmless. *Id.* Thus, "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland, supra,* 466 U.S. 695. See, also, *Francis v. Franklin, supra,* 323-324, n.7, citing *Stromberg v. California,* 283 U.S. 359 (1931) (well settled law "that when there exists a reasonable possibility that the jury relied on an unconstitutional understanding of the law in reaching a guilty verdict, that verdict must be set aside").

The "reasonable possibility that the jury relied on an unconstitutional understanding of the law in reaching a guilty verdict" language just quoted is important when considering this Court's view that petitioner "speculates that [the jury] could have relied on the last set of [erroneous] instructions they received … or that they could have cancelled out the correct instructions with the incorrect ones. His conjectures are insufficient …." Memorandum of Decision, December 16, 2004 at 2-3 (emphasis added). Thus, only a reasonable possibility would be sufficient to establish that the errors placed petitioner in an actual and substantial disadvantage, because petitioner's entire trial was tainted by allowing one or more of the jurors to have "an unconstitutional understanding of the law in reaching [the] guilty verdict" of murder.

The above-quoted "reasonable possibility that the jury relied on an unconstitutional understanding of the law in reaching a guilty verdict" standard and the *Strickland*-based standard are clearly established Supreme Court precedent, and the SJC decision was contrary to or involved an unreasonable application of that precedent. 28 U.S.C. §2254(d(1).

In light of the above, the COA should be granted for ground one because the issues in this ground are at least "debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."

Respectfully submitted,
Edward H. Lynch Jr.,
by his attorney,


/s/Emanuel Howard
_____
EMANUEL HOWARD; BBO# 241740
P. O. Box 66067
Newton, MA  02466-0002
TEL:  (617) 965-3042

07.20.2005

Lynch Application Certificate of Appealability USDC-/s/ July 2005